

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 05 2023

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHARLES JOHNSON                                                                PLAINTIFF

VS.                            NO. 3:23-CV-00203-DPM

CARL RECINE, M.D.; JOHN DOES 1
THROUGH 5; AND JOHN DOE INSURANCE
COMPANIES 6 THROUGH 8                                                    DEFENDANTS

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

## COMPLAINT

Comes now the Plaintiff Charles Johnson, by and through his attorney, Hugh E. Crisp, Crisp Law Firm, for his Complaint against Defendants Carl Recine, M.D., John Does 1 through 5 and John Doe Insurance Companies 6 through 8, herein states as follows:

### PARTIES

1.  Plaintiff Charles Johnson (hereinafter Plaintiff Johnson) was and currently is a resident of Fulton County, Arkansas at all times pertinent to this case of action.

2.  Upon information and belief, Separate Defendant Carl Recine, M.D. (hereinafter Defendant Recine) was a physician, practicing as a radiologist, licensed to practice medicine in Arkansas when this cause of action arose. Defendant Recine read and interpreted a CT of the abdomen and pelvis performed on Plaintiff Johnson at Fulton County Hospital in Ash Flat, Fulton County, Arkansas on October 8, 2021. Defendant Recine can be served at his residence at 765 Cooper Sandy Cove, Alpharetta, Georgia 30004.

3.  Defendants John Does 1 through 5 are currently unknown medical, nursing, and other healthcare providers who provided care to Plaintiff Johnson at all times pertinent to this cause of action.

4.  Defendants John Does 6 through 8 are unknown liability malpractice insurance companies and insurance pools who may insure any of the named Defendants

herein as well as Defendant's John Does 1 through 5 constituting a direct cause of action pursuant to Ark. Code Ann. § 23-79-210.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 (diversity of citizenship), as Plaintiff Johnson is a citizen of Arkansas and, upon information and belief, Defendant Recine is a citizen of a foreign state, and the amount in controversy is greater than $75,000. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district where the events or omissions giving rise to this claim for money damages for the injury occurred. Plaintiff also asserts that venue is proper in Fulton County, where a Complaint has been filed to preserve the statute of limitations, and venue is also proper in Craighead County, pursuant to Ark. Code Ann. § 16-60-101(e), where am original Complaint was filed on October 18, 2022, and an Amended and Substituted Complaint was filed on October 4, 2023. Plaintiff has filed this cause of action in Fulton County and Craighead County, and now files in Federal Court only to preserve the statute of limitations.

## STATEMENT OF FACTS

6. On October 20, 2020, Plaintiff Johnson saw Defendant Bowens at his office. Defendant Bowens ordered a CT scan of Plaintiff Johnson's pelvis and performed cystography as part of his workup for potential urinary problems. After the assessment and testing, Plaintiff Johnson was diagnosed with a colovesicular fistula. On that same date, the CT scan of Plaintiff Johnson's pelvis revealed the following: "IMPRESSION: FINDINGS CONSISTENT WITH A SMALL COLOVESICAL FISTULA AS A SECONDARY COMPLICATION OF SIGMOID DIVERTICULOSIS. PLEASE SEE THE ABOVE THESE WARRANT DISCUSSION. MULTIPLE SCLEROTIC BONE LESIONS IDENTIFIED WITHIN THE PELVIS. THESE WARRANT FURTHER EVALUATION AS SCLEROTIC METASTASIS CANNOT BE EXCLUDED. RECOMMEND BONE SCAN FOR FIRST-LINE EVALUATION."

Defendant Bowens never informed Plaintiff Johnson of the findings of the CT scan of the pelvis with regard to sclerotic bone lesions or recommended a referral to another

physician to investigate these findings and provide treatment and care. Thereafter, Defendant Bowens referred Defendant Johnson to Defendant Harper for a surgical consult. Defendant Harper saw Plaintiff Johnson for the first time on July 6, 2021. Plaintiff Johnson was informed by Defendant Harper that he was going to perform a laparoscopic colovesicular fistula take down and a sigmoid colon resection.  Defendant Harper noted in his record on this office visit under the "History of Present Illness," as follows: "The patient is a 59-year-old Causation/White male, who returns after testing.  He was last seen when he presented on referral from Rudolph Bowens, Jr., M.D. for a surgical evaluation of colovesicular fistula. He reports air in urine stream.  The patient denies any other symptoms.  He reports there are no specific aggravating factors.  The patient has no prior history of rectal abscess surgery.  Recently, diagnostic studies include Cystography on 10/20/20 showed fondings (sic) consistent with small colovesical fistula as a secondary complication of sigmoid diverticulosis.  Multiple sclerotic bone lesions identified within the pelvis.  These warrant further evaluation as sclerotic metastasis cannot be excluded recommend bone scan for first-line evaluation."  Yet, Defendant Harper never informed Plaintiff Johnson of the findings of the CT scan of the pelvis regarding the sclerotic bone lesions or recommended a referral to another physician to investigate these findings and provide treatment and care.

On October 8, 2021, Plaintiff Johnson underwent a CT scan of the abdomen and pelvis at Fulton County Hospital, which was ordered by his family physician, Dr. Carson York, for abdominal pain.  Defendant Recine read the scans as unremarkable and failed to report the bone lesions in the CT report and failed to communicate a finding of lesions to the patient and to Dr. York. This CT scan may have been done by teleradiology when Defendant Recine was not in Arkansas, but in another state that is unknown at this time.

In June of 2022, Plaintiff Johnson saw a family medicine physician, Dr. Trent Lamb at NEA Hospital in Jonesboro. Dr. Lamb ordered CT scans. Dr. Lamb informed Plaintiff Johnson that there were multiple lesions on the bones and kidney. Plaintiff Johnson was referred to Dr. Shi-Ming Tu, an oncologist, at UAMS. Dr. Tu saw Plaintiff Johnson on September 1, 2022, and reviewed his past medical records. Additional CT scans and other tests were performed on September 27, 2022, at UAMS. Since the October 8, 2021

CT scan, the multiple lesions on the bones and kidney have metastasized. Plaintiff Johnson is undergoing chemotherapy.

### NEGLIGENCE AND MALPRACTICE OF CARL RECINE, M.D.

7.      Plaintiff incorporates, restates, and adopts all of the allegations contained in Paragraphs 1 through 6.

8.      At all times pertinent to this cause of action, Defendant Recine deviated from the recognized and accepted standard of care for radiologists practicing in Fulton County, Arkansas, or in a similar locality, regarding the care and treatment provided to Plaintiff Johnson.

9.      At all times pertinent to this cause of action, all negligent acts and omissions of Defendant Recine resulted in the misdiagnosis and delay in treatment of Plaintiff Johnson that is a proximate cause of Plaintiff Johnson's permanent injuries and damages. Such acts of negligence and malpractice consist of, but are not limited to, the following:

(a)     Failing to identify and report sclerotic bones lesions visible on the October 8, 2021, abdominal/pelvic CT;

(b)     Failing to notify Plaintiff Johnson or the ordering physician, Dr. Carson York, of the bone lesions visible on CT so appropriate medical treatment could be timely provided;

(c)     Failing to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of the medical profession practicing radiology, in good standing, engaged in the same type of medical practice, in Fulton County, Arkansas or in a similar locality.

### NEGLIGENCE AND MALPRACTICE OF JOHN DOES 1 THROUGH 5

10.     Plaintiff incorporates, restates, and adopts all of the allegations contained in Paragraphs 1 through 9.

11.     Separate Defendants John Does 1 through 5 failed to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and applied by

members of their profession in good standing and engaged in the same medical specialty, in a similar locality, regarding the care and treatment that they provided to Plaintiff Johnson.

12. At all times pertinent to this cause of action, John Does 1 through 5 were negligent and committed malpractice. Such acts of negligence and malpractice were a proximate cause of the permanent injuries and damages sustained by Plaintiff Johnson.

### DAMAGES

13. As a proximate result of the aforementioned negligence and malpractice of Defendant Recine and John Does 1 through 5, Plaintiff Johnson sustained permanent injuries and damages. Plaintiff Johnson is entitled to recover for the following elements of damages from all said Defendants named herein as follows:

(a) Pain and suffering and mental anguish in the past and in the future;

(b) Medical expenses past and future;

(c) Scarring, disfigurement, and visible results of his injuries;

(d) Costs for attendant care and nursing care in the past and in the future;

(e) Loss of earnings in the past and loss of earning capacity in the future.

### DEMAND FOR JURY TRIAL

14. Plaintiff demands a trial by a twelve-member jury on all issues.

WHEREFORE, Plaintiff, Charles Johnson prays for judgment against Defendants Recine, John Does 1 through 5 and John Doe Insurance Companies 6 through 8 for all compensatory damages in an amount in excess of all minimum jurisdictional amounts for Federal Court jurisdiction in diversity of citizenship cases and for any and all other relief to which he may be entitled, whether specifically prayed for herein or not.

Respectfully submitted,

*[signature]*

Hugh E. Crisp (86046)
CRISP LAW FIRM
221 W. 2nd Street, Suite 8G
Little Rock, Arkansas 72201
(501) 376-6264 (phone)
(501) 376-1589 (fax)
hecrisp@crisplawfirm.com

ATTORNEY FOR THE PLAINTIFF